**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG A. CARTER, et al.,<br><br>                  Plaintiffs,<br>vs.<br><br>U.S. BANK N.A., et al.,<br><br>                  Defendants. | CASE NO. 10CV2365 DMS (POR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

      Pending before the Court is Defendants U.S. Bank, N.A. and Western Progressive, LLC's motion to dismiss Plaintiffs' Complaint. For the following reasons, Defendants' motion to dismiss is granted.

**I.**

**BACKGROUND**

      This action relates to a loan obtained by Plaintiffs from Argent Mortgage Company, Inc. in June 2005 on their real property, which was secured by a Deed of Trust pledging the property as security. (Complaint ¶¶ 5-6.) Plaintiffs allege Defendant Western Progressive, LLC, without the authority to do so, caused a notice of default to be recorded, falsely alleging that a breach of the obligation secured by the Deed of Trust had occurred and that Defendant U.S. Bank, N.A., as beneficiary, had elected to sell the trust property. (*Id.* at ¶ 9.) Plaintiffs further allege Western Progressive, without the authority to do so, caused to be recorded a notice of sale and a trustee's deed

to U.S. Bank as to the property.  (*Id.* at ¶ 10.)

Plaintiffs filed a Complaint in San Diego Superior Court, which Defendants removed to this Court on November 17, 2011.  (Doc. 1.)  The Complaint states five claims for relief: (1) to set aside the trustee's sale, (2) to cancel the trustee's deed, (3) negligence, (4) conversion, and (5) declaratory relief.  On December 9, 2010, Defendants filed a motion to dismiss the Complaint in its entirety.  (Doc. 5.)  Plaintiffs filed an opposition to the motion and Defendants filed a reply.  (Docs. 7, 9.)

## II.
## LEGAL STANDARD

A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.

## III.
## DISCUSSION

Plaintiffs allege "Argent Mortgage Company, Inc. as beneficiary has not signed and recorded an assignment of the Deed of Trust and it has not signed and recorded as beneficiary a Substitution of

1  Trustee satisfying the requirements of California Civil Code 2934(a) for an effective substitution of
2  trustee," and that Argent therefore remains the beneficiary of the Deed of Trust and Town and Country
3  Title Services, Inc. remains the trustee of the Deed of Trust.  (Complaint ¶¶ 7-8.)  Accordingly,
4  Plaintiffs allege Defendant Western Progressive did not have the authority to record a notice of default
5  or notice of sale or to transfer a trustee's deed and Defendant U.S. Bank did not have the authority to
6  elect to sell the property.

7        Defendants move to dismiss the Complaint on the basis that Plaintiffs' claims are barred by
8  the doctrine of *res judicata* and otherwise fail as a matter of law.  As an initial matter, Defendants
9  argue Plaintiffs' claim for conversion must be dismissed because a claim for conversion is limited to
10 personal, and not real, property.  Plaintiffs do not oppose the motion to dismiss this claim.
11 Accordingly, Plaintiffs' claim for conversation is dismissed.  The parties' remaining arguments are
12 discussed below.

13 **A.     *Res Judicata***

14       Defendant's first argument in support of its motion to dismiss is that Plaintiffs' claims are
15 barred by the doctrine of *res judicata*.  "The doctrine of res judicata, or claim preclusion, bars parties
16 from relitigating the *same cause of action* in a subsequent action." *Malkoskie v. Option One Mortgage*
17 *Corp.*, 188 Cal. App. 4th 968, 973 n.4 (2010).  "Claim preclusion applies when '(1) the decision in the
18 prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action
19 as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them
20 were parties to the prior proceeding.'"  *Planning & Conservation League v. Castaic Lake Water*
21 *Agency*, 180 Cal. App. 4th 210, 226 (2009)(quoting *Fed'n of Hillside & Canyon Ass'ns v. City of Los*
22 *Angeles*, 126 Cal. App. 4th 1180, 1202 (2004)).

23       Defendants argue the issues of the validity of the trustee's sale and U.S. Bank's title were
24 finally determined in the October 19, 2010 Judgment of the San Diego Superior Court in Defendant
25 U.S Bank's unlawful detainer action against Plaintiffs. In their Opposition to the motion to dismiss,
26 Plaintiffs argue the doctrine of *res judicata* should not apply because the motion for summary
27 judgment in the unlawful detainer action was "heard as an expedited matter and via expedited
28 procedure . . . and lasted approximately five minutes." (Opp. at 2.)  However, the issues regarding the

validity of the trustee's sale and U.S. Bank's entitlement to title on the property raised by Plaintiffs in the instant Complaint were raised in the unlawful detainer action. In opposition to U.S. Bank's motion for summary judgment in the unlawful detainer action, Plaintiffs argued there was nothing in the public records showing a legal transfer from Argent Mortgage Company, as beneficiary under the Deed of Trust, or from Town and Country Title Services, as trustee under the Deed of Trust, to any other party and, therefore, U.S. Bank did not have the authority to exercise the power of sale contained in the Deed of Trust and the non-judicial foreclosure process was therefore invalid. (Defendants' RJN Ex. 7.)[1] Nonetheless, in its Judgment in the unlawful detainer action, the Court found that proof satisfactory to the Court was made "that title to the Premises has been duly perfected in the name of . . . U.S. Bank N.A., as Trustee for the Registered Holders of Asset Backed Certificates, Series 2005-HE4, by virtue of a Trustee's Deed Upon Sale . . . and the Premises was acquired in accordance with Section 2924 of the California Civil Code . . . ." (*Id.* at Ex. 9.) The Court further found there was "no triable issue of material fact to support an affirmative defense" by Plaintiffs to the unlawful detainer action. (*Id.*)

"The res judicata effect of an unlawful detainer proceeding is narrow, but is not nonexistent. Generally speaking, an unlawful detainer judgment has limited res judicata force because it typically follows a summary proceeding focused only on deciding a party's right to immediate possession of property. But when litigants to an unlawful detainer proceeding fully try other issues besides the right of possession, the unlawful detainer judgment is conclusive as to those other litigated issues." *Gombiner v. Swartz*, 167 Cal. App. 4th 1365, 1371 (2008)(citations omitted). Here, Plaintiffs challenged the validity of the foreclosure sale and of U.S. Bank's claim to status as beneficiary to the Deed of Trust in their opposition to U.S. Bank's motion for summary judgment in the unlawful detainer action. Accordingly, these claims were at issue in that action and were resolved. *See*

---

[1] In support of their motion to dismiss, Defendants request the Court to take judicial notice of (1) Deed of Trust, (2) Assignment of Deed of Trust, (3) Notice of Default, (4) Substitution of Trustee, (5) Notice of Trustee's Sale, (6) Trustee's Deed Upon Sale, (7) Defendants Opposition to Plaintiff's Separate Statement of Undisputed Material Facts and Supporting Evidence on Motion for Summary Judgment and Declaration of Jack M. Winick in Opposition to Plaintiff's Motion for Summary Judgment in the unlawful detainer action, (8) Order Granting Plaintiff's Motion for Summary Judgment, and (9) Judgment. As these documents are matters of public record subject to judicial notice under Federal Rule of Evidence 201, Defendants' request for judicial notice is granted. In their Opposition to Defendants' motion to dismiss, Plaintiffs also request the Court take judicial notice of a Limited Power of Attorney. As this document is recorded and is a matter of public record, Plaintiffs' request is also granted.

*Malkoskie*, 188 Cal. App. 4th at 973-76.

Defendants also argue Plaintiffs' claims regarding lack of possession of the note are barred by the doctrine of *res judicata*. However, the documents provided to the Court by Defendants relating to the unlawful detainer action state nothing as to possession of the note. Nonetheless, Plaintiffs' allegations regarding lack of possession of the promissory note, even if not barred by the doctrine of *res judicata*, are insufficient to state plausible claims for relief to set aside the trustee's sale or cancel the trustee's deed. In the case of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust, no party needs to physically possess the promissory note for the foreclosure to occur. *See* Cal. Civ. Code § 2924(a)(1); *see also Harrington v. Home Capital Funding, Inc.*, No. 08cv1579 BTM (RBB), 2009 WL 514254, at * 4 (S.D. Cal. Mar. 2, 2009)("There is no requirement that the original note be in possession of or produced by the party filing the notice of default or giving the notice of sale.").

Finally, Plaintiffs allege, in support of their claims for negligence and declaratory relief, that Western Progressive, as trustee, breached its duty to Plaintiffs by failing to conduct the foreclosure sale according to law and by failing to ascertain who was in possession of the note and whether the assignment of the Deed of Trust was valid. However, as discussed above, possession of the note is not necessary for a foreclosure sale to occur and the Court found in the unlawful detainer action that the property was acquired in accordance with Section 2924 of the California Civil Code. Accordingly, Plaintiffs' claims for negligence and declaratory relief are also dismissed with prejudice.

## IV.
## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Complaint is granted. Plaintiffs' Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: March 18, 2011

_____
HON. DANA M. SABRAW
United States District Judge